Matter of Morgado (2018 NY Slip Op 08195)





Matter of Morgado


2018 NY Slip Op 08195


Decided on November 29, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 29, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, David Friedman, John W. Sweeny, Jr., Judith J. Gische, Peter Tom, Justices.


M-4916

[*1]In the Matter of Dale J. Morgado, (admitted as Dale James Morgado), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Dale J. Morgado, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Dale J. Morgado, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on March 11, 2014.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Yvette A. Rosario, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Dale J. Morgado was admitted to the practice of law in the State of New York by the Third Judicial Department on March 11, 2014, under the name Dale James Morgado. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
By motion dated November 20, 2017, the Attorney Grievance Committee (Committee) sought respondent's immediate suspension from the practice of law pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1) and (3), and Judiciary Law § 468-a, based upon his failure to appear pursuant to subpoena and to comply with lawful demands of the Committee, and his failure to register with and pay dues to the Office of Court Administration for the 2016/17 biennial period. The Committee contended that notwithstanding numerous letters and emails requesting answers to a complaint filed against him and his failure to comply with a court ordered subpoena directing his appearance for a deposition, respondent chose not to cooperate with the Committee's investigation, even though he was aware of the complaint filed against him.
According to the Committee, its notice of motion contained the following notice:
"PLEASE TAKE FURTHER NOTICE that, pursuant to 22 NYCRR 1240.9(b), an attorney who is suspended under 1240.9 and who has failed to respond to or appear for further investigatory or disciplinary proceedings within six (6) months from the date of the order of suspension, may be disbarred by the Court without further notice."
In accordance with Judiciary Law § 90(6) and 22 NYCRR 1240.9, on September 25, 2017 the Committee obtained permission from this Court to serve respondent with the suspension motion and any additional filings in the case by substituted service, via email and by service by publication in the New York Law Journal, however, respondent did not submit a response.
By order entered January 30, 2018 (159 AD3d 50 [1st Dept 2018]), this Court granted the Committee's motion and immediately suspended respondent from the practice of law and until further order of the Court.
On February 2, 2018, the Committee served respondent with a notice of entry enclosing a copy of this Court's order of suspension by email and by publication in the New York Law Journal.
The Committee now seeks an order disbarring respondent, pursuant to 22 NYCRR 1240.9(b), on the grounds that he was suspended pursuant to 22 NYCRR 1240.9(a)(1) and (3) and has neither responded to nor appeared for further investigatory or disciplinary proceedings within six months from the date of the order of suspension.
Respondent was served with this motion by publication in the New York Law Journal on September 12, 2018 and by email, but no response has been filed with the Court.
The motion should be granted inasmuch as more than six months have elapsed since January 30, 2018, the date of respondent's suspension (159 AD3d at 50), and he has neither responded to nor appeared for further investigatory or disciplinary proceedings (see Matter of Friedman, 162 AD3d 14 [1st Dept 2018]; Matter of Spencer, 161 AD3d 44 [1st Dept 2018].
Accordingly, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) is granted, and his name stricken from the roll of attorneys in the State of New York effective immediately.
All concur.
Order filed. [November 29, 2018]
Motion granted, respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.